UNITED STATES DISTRICT COURT
DISTRICT OF NEBRASKA

SANDRA FRANKLIN,

    Plaintiffs,                                      CASE NO: 8:20-CV-0039

vs.

DOLGENCORP, LLC.,

    Defendant.
_____/

## COMPLAINT

Plaintiff, Sandra Franklin ("Plaintiff") by and through the undersigned counsel, hereby files this Complaint and sues DOLGENCORP, LLC., for injunctive relief, attorney's fees and costs pursuant to 42 U.S.C. §12181 *et seq.*, ("Americans with Disabilities Act" or "ADA") and alleges:

## JURISDICTION AND PARTIES

1. This is an action for declaratory and injunctive relief pursuant to Title III of the Americans with Disabilities Act, 42 U.S.C. §12181 *et seq.,* (hereinafter referred to as the "ADA"). This Court is vested with original jurisdiction under 28 U.S.C. Sections 1331 and 1343.

2. Venue is proper in this Court, the District of Nebraska pursuant to 28 U.S.C. §1391 (B) and Local Rules of the United States District Court for the District of Nebraska.

3. Plaintiff, Sandra Franklin (hereinafter referred to as "Franklin or Plaintiff")

1

is a resident of Omaha, Nebraska and is a qualified individual with a disability under the ADA. Franklin suffers from what constitutes a "qualified disability" under the Americans with Disabilities Act of 1990, ("ADA") and all other applicable Federal statutes and regulations to the extent that she is quadriplegic, requires the use of a wheelchair for mobility, and has limited use of her upper extremities. Prior to instituting the instant action, Plaintiff personally and regularly visited the Defendant's premises at issue in this matter, and was denied full, safe and equal access to the subject property of Defendant due to its lack of compliance with the ADA. Plaintiff continues to desire and intends to visit the Defendant's premises but continues to be denied full, safe and equal access due to the barriers to access that continue to exist.

4. The Defendant, DOLGENCORP, LLC., is a limited liability company registered to do business and, in fact, conducting business in the State of Nebraska. Upon information and belief, DOLGENCORP, LLC. (hereinafter referred to as "DOLGENCORP") is the owner, lessee and/or operator of the real property and improvements that is the subject of this action, specifically: Dollar General Store located at 5033 South 24th Street, in Omaha, Nebraska (hereinafter referred to as "Store").

5. All events giving rise to this lawsuit occurred in the District of Nebraska.

## COUNT I - VIOLATION OF THE ADA

6. On or about July 26, 1990, Congress enacted the Americans with Disabilities Act ("ADA"), 42 U.S.C. §12101 *et seq*. Commercial enterprises were provided one and a half years from enactment of the statute to implement its requirements. The effective date

of Title III of the ADA was January 26, 1992. 42 U.S.C. §12181; 20 C.F.R. §36.508 (A).

7. Pursuant to 42 U.S.C. §12181(7) and 28 C.F.R. §36.104, the Store owned by Defendants is a place of public accommodation in that it is a Store or other sales or rental establishment, operated by a private entity that provides goods and services to the public.

8. Defendant, DOLGENCORP, has discriminated and continues to discriminate against the Plaintiff, and others who are similarly situated, by denying access to, and full, safe and equal enjoyment of goods, services, facilities, privileges, advantages and/or accommodations at the Store in derogation of 42 U.S.C §12101 *et seq*.

9. The Plaintiff has been unable to and continues to be unable to enjoy access to, and the benefits of the services offered at the Store owned by DOLGENCORP  Prior to the filing of this lawsuit, Plaintiff personally and regularly visited the Store at issue in this lawsuit and was denied access to the benefits, accommodations and services of the Defendant's premises and therefore suffered an injury in fact as a result of the barriers listed in Paragraph 11, below, that the Plaintiff personally encountered.  In addition, Plaintiff continues to desire and intends to visit the Store, but continues to be injured in that she is unable to and continues to be discriminated against due to the barriers to access which remain at the Store in violation of the ADA.  Plaintiff has now and continues to have reasonable grounds for believing that she has been and will be discriminated against because of the Defendant's continuing deliberate and knowing violations of the ADA.

10. Pursuant to the mandates of 42 U.S.C. §12134(a), on July 26, 1991, the Department of Justice, Office of the Attorney General, promulgated Federal Regulations

to implement the requirements of the ADA 28 C.F.R. Part 36.

11. DOLGENCORP is in violation of 42 U.S.C. §12181 *et seq.* and 28 C.F.R. §36.302 *et seq.* and is discriminating against the Plaintiffs as a result of *inter alia*, the following specific violations that Plaintiffs personally encountered:

i. The sole accessible parking space provided in the parking lot adjacent to the Store lacks raised signage and the striping is badly faded such that no designated van accessible parking is provided;

ii. The route to the entry is by way of a long-segmented ramp that lacks required handrails;

iii. The public toilet room(s) are accessed through the stock room. No accessible route to the public toilet room(s) is maintained due to the storage of carts and boxes in the vicinity of the toilet rooms and which obstruct the route to less than 32 inches in width;

iv. There is no accessible signage designating the public toilet rooms as accessible;

v. There may be more than one public toilet room, but due to the lack of accessible routes or signage, only a single public toilet room was identified by Plaintiff;

vi. Accessible routes through the store as necessary to access the merchandise are not maintained due to the frequent storage of boxes in the merchandise

aisles that obstruct the accessible route to less than 32 inches in width.

12. There are other current barriers to access and violations of the ADA at the Store owned and operated by DOLGENCORP that were not specifically identified herein as the Plaintiff is not required to engage in a futile gesture pursuant to 28 C.F.R. Part 36, §36.501 and, as such, only once a full inspection is performed by Plaintiff or Plaintiff's representatives can all said violations be identified.

13. To date, the barriers to access and other violations of the ADA still exist and have not been remedied or altered in such a way as to effectuate compliance with the provisions of the ADA.

14. Pursuant to the ADA, 42 U.S.C. §12101 *et seq.* and 28 C.F.R. §36.304, DOLGENCORP was required to make its Store, a place of public accommodation, accessible to persons with disabilities by January 28, 1992. To date, DOLGENCORP has failed to comply with this mandate.

15. Plaintiff has been obligated to retain undersigned counsel for the filing and prosecution of this action. Plaintiff is entitled to have her reasonable attorney's fees, costs and expenses paid by DOLGENCORP pursuant to 42 U.S.C. §12205.

16. Pursuant to 42 U.S.C. §12188, this Court is vested with the authority to grant Plaintiff injunctive relief, including an Order to alter the subject facility to make it readily accessible to, and useable by, individuals with disabilities to the extent required by the ADA, and closing the subject facilities until the requisite modifications are completed.

WHEREFORE, the Plaintiff demands judgment against DOLGENCORP and

requests the following injunctive and declaratory relief:

    A. That the Court declare that the property owned and administered by Defendant is violative of the ADA;

    B. That the Court enter an Order directing Defendant to alter its facilities to make them accessible to and useable by individuals with disabilities to the full extent required by Title III of the ADA;

    C. That the Court enter an Order directing Defendant to evaluate and neutralize its policies and procedures towards persons with disabilities for such reasonable time so as to allow them to undertake and complete corrective procedures;

    D. That the Court award reasonable attorney's fees, costs (including expert fees) and other expenses of suit, to the Plaintiff; and

    E. That the Court award such other and further relief as it deems necessary, just and proper.

Dated this 22nd day of January, 2020.

                                                    Respectfully submitted,

                                                   s/ Edward I. Zwilling
                                                   Edward I. Zwilling, Esq.
                                                   Ala. Bar No. ASB-1564-L54E
                                                   *Attorney for Plaintiff*
                                                   Law Office of Edward I. Zwilling, LLC
                                                   Birmingham, Alabama 35242
                                                   Telephone: (205) 822-2701
                                                   Email: edwardzwilling@zwillinglaw.com